**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ROBERT HOSKINS, #B-02683,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-cv-1427-NJR** |
| | ) | |
| **C/O MEZO, C/O FITZGERALD,** | ) | |
| **SGT. WILBURN, SUSAN HILL, and** | ) | |
| **WARDEN BUTLER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, District Judge:**

Plaintiff Robert Hoskins, currently an inmate at Menard Correctional Center ("Menard"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants have violated his rights by subjecting him to unhealthy and harmful conditions of confinement and retaliating against him for complaining. In his prayer for relief, Plaintiff requests compensatory and punitive damages, as well as preliminary and permanent injunctive relief. (Doc. 1, p. 8). Plaintiff's request for immediate injunctive relief will be considered in conjunction with preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

### <u>Merits Review Pursuant to 28 U.S.C. § 1915</u>

Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At the same time, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff was transferred from Pinckneyville Correctional Center to the North-2 Segregation Unit at Menard on June 23, 2014. (Doc. 1, ¶ 13).  On June 25, 2014, during the 7-3 shift, Defendant C/O Mezo moved Plaintiff from cell 7-22 to cell 2-21. *Id*. at ¶ 14.  Defendant Mezo knew that cell 2-21 was unsanitary -- feces and blood were smeared all over the walls, toilet, and pillow, trash was strewn about the cell, and there were food trays infested with bugs under the bed. *Id*. at ¶¶ 14-15.  Plaintiff asked Defendant Mezo for cleaning supplies.  Mezo refused stating that he did not have time that day, but maybe he would have time the following day. *Id*. at ¶ 14.

Later that same day, during the 3-11 shift, Plaintiff asked Defendant C/O Fitzgerald for cleaning supplies and for help disposing of the trash in the cell. *Id*. at ¶ 15. Defendant Fitzgerald refused. *Id*. During the 11-7 shift, Plaintiff again requested cleaning supplies – this time from Defendant Sgt. Wilburn. *Id*. at ¶ 16.  Defendant Wilburn also refused. *Id*.  Defendant Wilburn commented that Plaintiff must have made somebody mad and that it was the responsibility of the 7-3 shift staff to provide cleaning supplies. *Id*.

Despite his repeated requests, Plaintiff never received cleaning or hygiene supplies over the next two days. *Id*. at ¶ 17.  On June 27, 2014, Plaintiff spoke to Defendant Hill, a counselor assigned to the unit, about the unsanitary conditions and his inability to procure cleaning supplies. *Id*.  Defendant Hill told Plaintiff to stop his crying. *Id*.

Next, Plaintiff filed grievances against the correctional officers who denied him cleaning supplies and wrote letters to Defendant Butler (head warden at Menard) and the Director of the Illinois Department of Corrections. *Id*. at ¶ 18.  Plaintiff informed Defendant Butler and the director about how the unsanitary conditions were affecting his health. *Id*.  Plaintiff claims that Defendant Butler failed to take corrective measures, despite being ordered to do so by the Director. *Id*. at ¶ 19.  Plaintiff also asserts that Defendant Butler has "known for years" that the North-2 Segregation Unite is unsafe and poses a "substantial risk of imminent personal injury and/or death" to inmates housed there. *Id*. at ¶ 23.

Plaintiff maintains that the unsanitary conditions and the poor ventilation in the cell have caused him to have hay fever, watering eyes, difficulty breathing, facial pressure, headaches, and the loss of sight in his right eye. *Id*.

Plaintiff further asserts that Defendant Hill, a counselor assigned to the unit, retaliated against Plaintiff after he filed a grievance against her and others for refusing to address the unsanitary conditions in his cell.  In retaliation for complaining, Plaintiff alleges that Defendant Hill refused to process Plaintiff's grievances in a timely manner. *Id*.

Plaintiff alleges that his health continues to deteriorate. *Id*. at ¶ 23.  He concedes that he did receive "late treatment," but he maintains that he is "no longer healthy" after being housing in segregation at Menard. *Id*.

It is unclear when exactly Plaintiff received cleaning supplies and/or help with disposing of unsanitary items in his cell.  But the complaint does not suggest that the unsanitary conditions are ongoing – only the health problems related to the conditions.  The complaint only mentions the dates in late June 2014; therefore, the Court assumes that Plaintiff's request for cleaning supplies was addressed thereafter.

<u>Discussion</u>

Accepting Plaintiff's allegations as true, as the Court must do at this preliminary stage, the Court finds that the complaint sets forth an actionable Eighth Amendment conditions of confinement claim (Count 1) against Defendants Mezo, Fitzgerald, Wilburn, Hill, and Butler and a First Amendment retaliation claim (Count 2) against Defendant Hill.

**Count 1:          Conditions of confinement claim**

The Eighth Amendment prohibits cruel and unusual punishment and has been a means of improving prison conditions that were constitutionally unacceptable.  *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994).  In order to prevail on a claim attacking the conditions of confinement, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims.  *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991).  The objective analysis examines whether the conditions of confinement exceeded the contemporary bounds of decency of a mature civilized society.  *Id.* The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted.  *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992).  The subjective component requires that a prison official had a sufficiently culpable state of mind.  *Wilson*, 501 U.S. at 298; *see also McNeil v. Lane,* 16 F.3d 123, 124 (7th

Cir. 1994).

In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference.  *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).   The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm.  *Farmer*, 511 U.S. at 842.  A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm.  *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992).

Plaintiff alleges that Defendant Mezo placed him in a cell that he knew was unsanitary and then refused to provide Plaintiff the cleaning supplies he needed.  Plaintiff contends that Defendants Fitzgerald, Wilburn, Hill, and Butler were all informed about the filthy cell conditions, but that they too refused to address the unconstitutional conditions.  Jail officials violate the Eighth Amendment when they show deliberate indifference to adverse conditions that deny "the minimal civilized measure of life's necessities," including "adequate sanitation and personal hygiene items."  *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation omitted).

In this case, Plaintiff has identified unsanitary cell conditions that support a claim for unconstitutional conditions of confinement.  *See e.g., Johnson v. Pelker*, 891 F.2d 136, 139-40 (7th Cir. 1989) (finding that placing a prisoner in a cell for three days in which feces are smeared on the walls and there is no running water while ignoring his requests for cleaning supplies may

violate the Eighth Amendment). *See also Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007)) (collecting cases).

Further, the complaint alleges that Defendants are liable for the unconstitutional conditions because they were personally made aware of the conditions but failed to correct any of the problems. At this juncture, more facts are needed to determine whether each Defendant acted with the requisite intent. Accordingly, Plaintiff shall be allowed to proceed with his damages claim of unconstitutional conditions of confinement (**Count 1**) against Defendants Mezo, Fitzgerald, Wilburn, Hill, and Butler, in their individual capacities.

Plaintiff also seeks injunctive relief. Typically, in a claim for injunctive relief, the government official who is responsible for carrying out the requested relief would be named as a defendant in his or her official capacity. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). In the context of prison litigation, the official is usually the warden of the institution where the inmate is incarcerated. Accordingly, Defendant Butler shall also remain as a defendant in Count 1, in her official capacity as warden of Menard, for purposes of injunctive relief.

**Count 2:        First Amendment Retaliation Claim**

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about the conditions of their confinement. *See, e.g., Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000). To state a claim of retaliation "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

Plaintiff asserts that Defendant Susan Hill, a counselor on the segregation unit at Menard, retaliated against him after he filed a grievance claiming that Hill had refused to address the unsanitary conditions in his cell.  In retaliation, Plaintiff claims that Defendant Hill refused to process Plaintiff's grievances against other Defendants in a timely manner.

Even if these allegations would not be actionable in and of themselves, if the acts were taken in retaliation for the exercise of a constitutionally protected right, then they are actionable under § 1983.  *See Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009) (discussing *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987) ("[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper.")).

An inmate has a First Amendment right to file grievances about the conditions of his confinement.  *See Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012).  At issue here is whether Plaintiff experienced an adverse action that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in Defendant Hill's decision to delay processing Plaintiff's grievances.  *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009).  This is a question that cannot be resolved at the pleadings stage of this case.  Thus, Plaintiff may proceed on his retaliation claim (**Count 2**) against Defendant Hill at this time.

In summary, the Court finds that the complaint sets forth an actionable Eighth Amendment conditions of confinement claim (Count 1) against Defendants Mezo, Fitzgerald, Wilburn, Hill, and Butler and a First Amendment retaliation claim (Count 2) against Defendant Hill.  Defendant Butler shall also remain as a defendant, in her official capacity as warden of Menard, for purposes of injunctive relief on Count 1.

**Request for Preliminary Injunctive Relief**

In his prayer for relief, Plaintiff requests monetary damages, as well as a preliminary and permanent injunction "ordering Defendants to stop all the wrong doing to cause health injury." *Id*. at ¶¶ 42-44.  Plaintiff makes no other mention of a preliminary injunction throughout the body of his complaint, nor does he file a separate motion or documentation in support of his request for immediate injunctive relief.

The United States Supreme Court has emphasized that a "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 870 (7th Cir. 2006) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original))**.**  In considering whether to grant injunctive relief, a district court must weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence.

Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction.  *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999); *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010); *Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills*, 589 F.3d 865, 872-73 (7th Cir. 2009).

It is unclear from the complaint whether the conditions Plaintiff complains about are ongoing.  Plaintiff describes the unsanitary conditions in his cell and his attempts to obtain

cleaning supplies, but only with regard to June 2014.  He has attached affidavits from other inmates and they, too, focus on the events around June 2014.  If, in fact, Plaintiff is requesting immediate injunctive relief for conditions that have already been addressed, then the request for injunctive relief as to those claims would be moot.  Plaintiff does not offer facts suggesting that the most egregious unsanitary conditions (i.e., a feces and blood-covered cell), which may have warranted more immediate injunctive relief, are ongoing.  Although Plaintiff asserts that his health continues to worsen, he has provided no documentation in support of that allegation (other than a note from a counselor regarding an upcoming doctor's appointment).  As such, without expressing any opinion on the merits of any of Plaintiff's other claims for relief, the Court is of the opinion that a preliminary injunction should not be issued in this matter at this time. Therefore, Plaintiff's request for a preliminary injunction (Doc. 2) is **DENIED**.

If the conditions Plaintiff describes are indeed ongoing and he wishes to pursue more immediate injunctive relief, he may do so in a separate motion.  However, the motion should *specifically identify* what Plaintiff seeks to enjoin and any relevant facts in support of the motion.

### Pending Motion

Plaintiff's motion for recruitment of counsel (Doc. 5) remains **PENDING** and shall be referred to United States Magistrate Judge Wilkerson for a decision.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's Eighth Amendment conditions of confinement claims (**COUNT 1**) against Defendants **C/O MEZO, C/O FITZGERALD, SGT. WILBURN, SUSAN HILL,** and **WARDEN BUTLER** and his First Amendment retaliation claim (**COUNT 2**) against Defendant **HILL** shall proceed.

**IT IS FURTHER ORDERED** that Defendant **BUTLER** shall remain in her official capacity as **WARDEN OF MENARD**, for purposes of injunctive relief.

The Clerk of Court shall prepare for Defendants **C/O MEZO, C/O FITZGERALD, SGT. WILBURN, SUSAN HILL,** and **WARDEN BUTLER**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is

entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Wilkerson for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

      **IT IS SO ORDERED.**

      **DATED:  January 9, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**