IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT HOSKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-CV-1427-NJR-DGW |
| | ) |
| THOMAS MEZO, ZACH FITZGERALD, | ) |
| WILLIAM WELBORN, SUSAN HILL, | ) |
| and KIMBERLY BUTLER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 21), recommending that Plaintiff's Motion for Preliminary Injunction (Doc. 21) be denied. The Report and Recommendation was entered on June 1, 2015. Plaintiff filed a timely objection to the Report and Recommendation on June 9, 2015 (Doc. 37).

Plaintiff Robert Hoskins, currently an inmate at Menard Correctional Center, filed a motion, which Magistrate Judge Wilkerson has construed as a petition for injunctive relief and temporary restraining order, indicating that Defendants have intentionally placed him in unsanitary cells, causing him to suffer various health ailments and putting him at risk of serious injury.

On April 20, 2015, Magistrate Judge Donald Wilkerson held an evidentiary

hearing on Plaintiff's motion for a preliminary injunction. At the evidentiary hearing, Plaintiff testified that he has been deliberately housed in unsanitary cells while in segregation at Menard. Plaintiff testified that his current cell has water damage that fosters the growth of mold that exacerbates his asthma and causes him to suffer from hay fevers, headaches, and watery eyes. Plaintiff indicated that he did not have headaches prior to being placed in unsanitary cells, but now experiences them on a regular basis. Plaintiff further testified that he has been moved to different cells during his time at Menard, but he has experienced similar conditions in his different cells.

Defendants argued in response that Plaintiff's contention that the mold in his cells is causing his medical conditions is unfounded, and he has not provided any argument that there is an inadequate legal remedy.

Based on the evidence presented at the hearing, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 36). The Report and Recommendation accurately states the nature of the evidence presented by both sides.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject or modify the magistrate judge's recommended decision. *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the

record and give fresh consideration to those issues to which specific objections have been made. *Id.*, *quoting* 12 Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part).

As noted above, Plaintiff has leveled an objection to the Report and Recommendation (Doc. 37). This timely objection requires the Court to undertake a *de novo* review of the Report and Recommendation.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). In order to obtain a preliminary injunction, Plaintiff has the burden of establishing that: (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. *Planned Parenthood of Indiana, Inc. v. Comm'r of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012), *citing Am. Civil Liberties Union of Ill. v. Alvarez*, 679 F.3d 583, 589–90 (7th Cir. 2012).

In the context of prisoner litigation, the scope of the Court's authority to enter an injunction is circumscribed by the Prison Litigation Reform Act ("PLRA"). *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to

correct that harm." 18 U.S.C. § 3626(a)(2). *See also Westefer,* 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citations omitted).

Magistrate Judge Wilkerson ultimately concluded that Plaintiff's health complaints did not establish a threat of imminent, irreparable harm to warrant a preliminary injunction. Specifically, Magistrate Judge Wilkerson reasoned that Plaintiff did not proffer any evidence to support a finding that his headaches, watery eyes, and asthmatic condition would result in "irreparable harm." Instead, he found that these conditions were "relatively mundane" and failed to pose any threat of imminent harm to Plaintiff. Accordingly, Magistrate Judge Wilkerson recommends denial of the Motion for Preliminary Injunction (Doc. 21).

In Plaintiff's Objection, Plaintiff argues that he did not have medical records documenting his injury at the time of the hearing before Magistrate Judge Wilkerson, but he has since obtained them. Plaintiff has attached these medical records as Exhibit B (Doc. 37, p. 20-29). Plaintiff again reiterates in his Objection that he has lost his eye sight in his right eye and suffers from migraine headaches.

The Court has reviewed the medical records and finds that, while they do substantiate Plaintiff's claim that he is suffering from allergies, headaches, and eye issues, they do not support Plaintiff's claim that he will suffer irreparable harm if he is not granted injunctive relief. As to Plaintiff's complaint regarding his loss of eye sight,

the medical records show that Plaintiff had eye examinations performed by two different ophthalmologists on August 26, 2014, and May 7, 2015. Specifically, on May 7, 2015, Plaintiff complained to Dr. Kehoe that "he was in an unsanitized cell and his eyes were irritated." (Doc. 37, p. 24). Dr. Kehoe conducted an exam confirming that Plaintiff has a cataract in his right eye (Dr. Lochhead's August 26, 2014 report also references a cataract in Plaintiff's eye). There is nothing in the exam indicating that the cataract is a result of the unsanitary cell conditions; to the contrary, it appears from the medical record that the cataract could possibly a result of a trauma that occurred in 1997 when Plaintiff was hit with a hammer. The report specifically states "unlikely improvement . . . based on macular scar." (*Id*.). At the bottom of the medical report under the heading "Assessment/Plan," Dr. Kehoe notes "[r]efer for retina consult to be sure no treatment is needed." (*Id*.).

Further, to the extent that Plaintiff argues that his headaches "sometime[sic]" prevent him from seeing clearly out of his "only good eye," the Court understands that this would be a scary and frustrating issue to have, but it simply does not rise to the level of "irreparable harm."(Doc. 37, p. 2). *See Graham v. Medical Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997) ("Irreparable harm is harm which cannot be repaired, retrieved, put down again, atoned for.") (quotation marks and citation omitted)); *see also Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir.1984) (irreparable harm is "harm that cannot be prevented or fully rectified by the final judgment after trial"). Thus, even when considering Plaintiff's medical records, the Court finds that Plaintiff has failed to

provide evidence that his ailments may result in irreparable injury absent preliminary relief.

## Conclusion

Accordingly, Plaintiff's Objection (Doc. 37) to Magistrate Judge Wilkerson's Report and Recommendation is **OVERRULED**, Magistrate Judge Wilkerson's Report and Recommendation (Doc. 36) is **ADOPTED**, and Plaintiff's Motion for Preliminary Injunction (Doc. 21) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   November 2, 2015

s/ Nancy J. Rosenstengel_____
**NANCY J. ROSENSTENGEL
United States District Judge**
