IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT HOSKINS,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:14-cv-01427-DGW |
| **THOMAS MEZO, ZACK FITZGERALD, WILLIAM WELBORN, SUSAN HILL, and KIMBERLY BUTLER,** | ) |
| Defendants. | ) |

## ORDER

**WILKERSON, Magistrate Judge**

Pending before the Court is a Motion for Summary Judgment filed by Defendants Butler, Fitzgerald, Hill, Mezo and Welborn (Doc. 103). For the following reasons, the Motion for Summary Judgment (Doc. 103) is **DENIED.**

## FACTUAL BACKGROUND

On June 23, 2014, Plaintiff Robert Hoskins was transferred from Pinckneyville Correctional Center to Menard Correctional Center, North-2 segregation cell house and was placed in cell 7-22 (Doc. 85, p. 3). Two days later, on June 25, 2014, Defendant Mezzo moved Hoskins to cell 2-21 (Doc. 85, p. 3). However, that cell was contaminated with feces, blood, trash, food trays, and bugs (Doc. 107-1, 15:2-17:7). Hoskins asked Mezo for cleaning supplies and hygiene items, which Mezo refused to provide, stating that he did not have time and might have time the next day (Doc. 85, p. 3). Later that same day, Hoskins asked Defendant Fitzgerald for cleaning supplies, to clean the contaminants from the cell and throwaway the trash and food trays, but Defendant Fitzgerald refused to help him (Doc. 85, p. 3). Hoskins next asked Defendant Sergeant Welborn for cleaning supplies, but he also refused to help him and told Hoskins he must

have made someone mad, as it was the job of the officers on the 7-3 shift to help him (Doc. 85, p. 3). Plaintiff received no cleaning supplies or hygiene items over the next two days (Doc. 85, p. 3).

On June 27, 2014, Hoskins spoke with Counselor Susan Hill, telling her that he had asked officers on all three shifts for cleaning supplies, but they refused to help him even though they could see his cell was unsanitary (Doc. 85, pp. 3-4). Hoskins asked Hill for grievances, to which she responded that he should stop crying (Doc. 85, p. 4).

Hoskins alleges that because of the unsanitary conditions, his health deteriorated (Doc. 107-1, 44:11-14).

## **LEGAL STANDARDS**

Summary judgment is proper only if the moving party can demonstrate there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). Any doubt as to the existence of a genuine issue of fact must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970); *Lawrence v. Kenosha Cnty.*, 391 F.3d 837, 841 (7th Cir. 2004).

A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Carett*, 477 U.S. 317, 323 (1986). A party asserting that a fact is genuinely disputed must support that assertion by citing to particular materials in the record or by showing that the materials in the record do not establish the absence of a genuine dispute. Fed. R. Civ. P. 56. If the non-moving party does not show evidence exists that would reasonably allow a fact-finder to decide in their favor on a material issue, the court must enter summary judgment against them. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir.

1994).

The Seventh Circuit has stated summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005)).

## ANALYSIS

### I. 8TH AMENDMENT CONDITIONS OF CONFINEMENT

Conditions of confinement do not violate the Eighth Amendment unless they are in effect the "unnecessary and wanton infliction of pain." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *Wilson v. Seiter,* 501 U.S. 294, 297 (1991). Inmates are entitled to "humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotations marks and citations omitted). However,

> the Eighth Amendment does not provide a fixed formula for determining whether the effect of particular conditions constitutes cruel and unusual punishment, but rather draws its meaning from the evolving standards of decency that mark the progress of a maturing society. Conditions, alone or in combination, that do not, however, fall below the contemporary standards of decency, are not unconstitutional, and to the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.

*Caldwell v. Miller*, 790 F.2d 589, 600 (7th Cir. 1986) (internal citations omitted).

Two elements are required to establish a violation of the Eighth Amendment due to conditions of confinement. First, the prisoner must show the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, the plaintiff must establish the

defendant had a subjectively culpable state of mind; specifically, that the Defendant was aware the inmate faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *Farmer,* 511 U.S. at 847.

As to the first objective prong, prison officials have a duty to provide the "basic necessities of civilized life" which include sanitation and utilities. *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989). The Seventh Circuit has repeatedly found that evidence of human waste and deprivation of cleaning supplies are sufficient to meet the objective prong of the test. *Jackson v. Duckworth*, 955 F.2d 21, 22 (1989) (objective prong may be met by evidence of inadequate plumbing, vermin, smell of human waste, inadequate heating/light, lack of clean water, and other issues); *Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007) (objective prong may be met with evidence of six days confinement in a cell with feces smeared on walls, water on floor, and the deprivation of cleaning supplies and mattress/bedding).

Here, material issues of fact exist as to the conditions of Hoskins' cell, precluding summary judgment. Hoskins alleges his cell was contaminated with feces, blood, trash, food trays, and bugs (Doc. 107-1, 15:2-17:7). Defendants have presented no evidence specific to the state of Hoskins' cell (Doc. 104-4, 12:5-9). Rather, they rely on testimony regarding the general practice of the prison to clean cells prior to assigning a new inmate (Doc. 104-3, 10:21-11:3; Doc. 104-4, 11:22-12:4). As such, Hoskins' testimony provides sufficient evidence for a jury to conclude the cell he was placed in did not provide the "basics necessities of a civilized life," and summary judgment is improper.

The second prong of an Eighth Amendment conditions of confinement claim requires an inmate to show Defendants were deliberately indifferent to the unconstitutional condition; that they "knew about it and could have prevented it but did not." *Mays v. Springborn*, 575 F.3d 643,

649 (7th Cir. 2009). Liability is based on each defendant's knowledge and action, not the actions of those they supervise. *Burks v. Raemisch,* 555 F.3d 592, 594 (7th Cir. 2009).

Here, Hoskins alleges he repeatedly requested but was denied cleaning supplies from each of the Defendants (Doc. 107-1, 17:11-20:6, 18:1, 21:15-22:4, 44:11-14). In response, Defendants claim they have no memory of Hoskins complaining about the conditions of his cell (Doc. 104-2, 14:16-18; Doc. 104-3 14:4-10; Doc. 104-4, 12:5-9; Doc. 104-6). While Defendants present generalized evidence regarding procedures for handing out cleaning supplies (Doc. 104-3, 10:2-11:9; Doc. 104-4, 10:4-12:3), the only evidence specific to Hoskins's cell is a cleaning log sheet showing Hoskins receiving cleaning supplies starting on June 28, 2014 — three days *after* he was placed in the allegedly unsanitary cell (Doc. 104-5, p. 1). Thus, viewing the evidence in the light most favorable to the non-moving party, a jury could conclude Defendants were aware of the unsanitary conditions of Hoskins' cell and denied him the cleaning supplies necessary to address the problem. As such, summary judgment is improper.

## II. QUALIFIED IMMUNITY[1]

Defendants also argue they are entitled to qualified immunity (Doc. 104, p. 10). Qualified immunity protects government officials from liability for civil damages as long as their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). To determine whether a defendant is entitled to qualified immunity, the Court must consider two questions. First, do the facts alleged by the plaintiff state a violation of a constitutional right? *Pearson*, 555 U.S. at 232; *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Second, was that right was clearly established at the

---

[1] Defendants also include an argument alleging Defendant Hill did not retaliate against Hoskins for writing a grievance or complaining about the conditions of his cell (Doc. 104, p. 9). Because a retaliation claim was not incorporated into the Amended Complaint (Doc. 85), the Court finds it unnecessary to address that argument.

time of the alleged misconduct? *Saucier*, 533 U.S. at 202. In determining whether a right is clearly established, the relevant question is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation. *Id.*

As discussed above, Hoskins has alleged facts that state a violation of his Eighth Amendment rights based on the conditions of his confinement. Further, Defendants fail to address the second prong directly, and with good reason. In the Seventh Circuit decision *Vinning-El v. Long*, defendants from the same correctional center were charged with placing the plaintiff in a cell with, among other things, blood and feces smeared on the walls. 482 F.3d at 924. Those defendants withdrew their claim of qualified immunity. *Id.*

> On appeal [defendants] now concede they were wrong to argue—and the district court was wrong to conclude—that reasonable prison guards could not have known in August 2001 that the conditions in the Menard segregation unit violated the Eighth Amendment. We agree with their concession since it was clearly established well before 2001 that the conditions Vinning–El describes, if true, deprived him of the "minimal civilized measure of life's necessities.

*Id.* (citing *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)).

Considering that Defendants here are alleged to have participated in the same behavior the Seventh Circuit has found clearly established a constitutional violation, Defendants cannot in good faith argue this element is met. Rather, they raise a vague claim that if Defendants are found liable it would constitute a heightened standard (Doc. 104, p. 11). The Court disagrees. Given that the Seventh Circuit has repeatedly overturned summary judgment and remanded for trial cases involving similar factual circumstances, the Court finds the standard being applied is consistent with Seventh Circuit precedent. *Vinning-El,* 482 F.3d at 924; *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992) (prisoner held in cell that allegedly was filthy and smelled of human waste, lacked adequate heating, contained dirty bedding, and had "rusted out" toilets, no toilet paper, and black worms in the drinking water); *Isby v. Clark,* 100 F.3d 502, 505–06 (7th Cir. 1996) (prisoner

held in segregation cell that allegedly was "filthy, with dried blood, feces, urine and food on the walls").

Because Hoskins has alleged a constitutional violation that was clearly established, Defendants are not entitled to qualified immunity.

## CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment filed by Defendants Butler, Fitzgerald, Hill, Mezo and Welborn (Doc. 103) is **DENIED.** The case will proceed to trial on September 10, 2018.

**SO ORDERED.**

**DATED: August 15, 2018**

                                            **DONALD G. WILKERSON**
                                            **United States Magistrate Judge**