IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT HOSKINS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-01427-DGW |
| ) | |
| **THOMAS MEZO, ZACK** ) | |
| **FITZGERALD, WILLIAM** ) | |
| **WELBORN, SUSAN HILL,** ) | |
| **and KIMBERLY BUTLER,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

**WILKERSON, Magistrate Judge**

Pending before the Court is a Motion for Reconsideration (Doc. 128) and a Motion for Relief from Judgment[1] (Doc. 133). For the reasons stated below, both motions are **DENIED.**

## FACTUAL BACKGROUND

On June 23, 2014, Plaintiff Robert Hoskins was transferred from Pinckneyville Correctional Center to Menard Correctional Center (Doc. 85, p. 3). Two days later, Hoskins was moved to a new cell that he alleges was contaminated with feces, blood, trash, food trays, and bugs (Doc. 107-1, 15:2-17:7). Hoskins stated that at the time he was moved, he asked Defendant Thomas Mezo for cleaning supplies and hygiene items (Doc. 85, p. 3). Hoskins alleges Mezo refused to provide the cleaning supplies, stating that he did not have time and might get to it the next day (Doc. 85, p. 3). Hoskins claims he also asked Defendants Zack Fitzgerald, Sergeant Welborn and Counselor Susan Hill for assistance, but they refused to help him even though they could see his cell was unsanitary (Doc. 85, pp. 3-4).

---

[1] The second document is simply titled "Plaintiff Newly Discovered Evidence" (Doc. 133). Although docketed as a motion for a new trial, Hoskins raised the claim pursuant to Federal Rule of Civil Procedure 60(b). Thus, the Court construes the document as a motion for relief from final judgment, rather than a motion for new trial under Rule 59(a).

A trial was held September 10-11, 2018 (Docs. 122, 123). Defendants moved for a directed verdict at the close of Hoskins' case and again at the close of their case. The Court denied the motions for directed verdict and the case was submitted to the jury. Ultimately, the jury returned a verdict in favor of all Defendants (Doc. 124). Hoskins' counsel immediately made an oral motion for judgment notwithstanding the verdict, which the Court denied. Hoskins timely filed the pending motions for reconsideration and relief from judgment.

## ANALYSIS

Technically, a "motion to reconsider" does not exist under the Federal Rules of Civil Procedure. But such motions are routinely filed and are generally treated as motions to alter or amend an order or judgment under Rule 59(e) *or* motions for relief from judgment/order under Rule 60(b). *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. *See, e.g., Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007); *Harrington v. City of Chicago*, 433 F.3d 542 (7th Cir. 2006). Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence.

### Reconsideration of Directed Verdict Ruling

After the jury returned a verdict in favor of all Defendants, Hoskins' counsel moved the Court for judgment notwithstanding the verdict. The Court denied that motion, finding that there was not enough evidence to overturn the verdict of the jury. Hoskins asks this Court to reconsider that decision (Doc. 128, p. 2).[2]

---

[2] To clarify, Hoskins refers to the motion as a "direct verdict." (Doc. 128, p. 1). An oral motion for directed verdict

A verdict will be set aside as contrary to the manifest weight of the evidence "only if 'no rational jury' could have rendered the verdict." *Moore ex rel. Estate of Grady v. Tuelja*, 546 F.3d 423, 427 (7th Cir. 2008) (quoting *King v. Harrington*, 447 F.3d 531, 534 (7th Cir. 2006)). Here, the Court ruled that there was not enough evidence to overturn the verdict of the jury. During trial, the jury heard testimony from Hoskins as well as two witnesses on his behalf — Johnny White and Maurice Wallace — about the unsanitary state of the cells in segregation. Conversely, Defendants presented testimony that each cell is cleaned before a new inmate is placed in the cell, and that inmates are regularly provided with cleaning supplies to ensure the cells are kept sanitary. Thus, the jury was confronted with two very different versions of the facts and was required to determine who they found credible. Because there was evidence introduced upon which the jury could rendered its verdict, specifically Defendants' testimony, the verdict cannot be set aside as against the manifest weight of the evidence. Further, that the jury found Defendants' fact more credible does not create a manifest error of law or fact.

Thus, Hoskins' request that the Court reconsider its ruling on the motion for judgment notwithstanding the verdict is **DENIED.**

<u>Newly Discovered Evidence</u>

Hoskins also seeks relief from the judgment based on newly discovered evidence (Doc. 133, p. 1). However, where that evidence could have been obtained earlier through the discovery process, subsequent discovery is insufficient to justify reconsideration. *Gomez v. Chody,* 867 F.2d 395, 405 (7th Cir. 1989). Here, the "newly discovered" evidence is an affidavit from a third inmate at Menard Correctional Center who worked as a porter cleaning cells in the segregation unit (Doc.

---

was made by Defendants at the end of the Plaintiff's case and was renewed after the defense rested. The ruling by the Court denying both directed verdict motions was to Hoskins' benefit, and allowed his claim to proceed to the jury. Thus, the Court infers Hoskins' reference to a "direct verdict" is a reference to his counsel's motion for judgment notwithstanding the verdict.

133, p. 4). Hoskins was able to obtain the affidavit from the inmate, DeAndre Perkins, less than a week after trial (Doc. 133, p. 4). Thus, there is no reason to believe he was unable to identify Perkins and his potential evidence through the discovery process before trial.

Further, newly discovered evidence will not justify relief from judgment unless the evidence material and "clearly would have produced a different result if presented before the original judgment." *Peacock v. Bd. of Sch. Comm'rs of City of Indianapolis*, 721 F.2d 210, 213–14 (7th Cir. 1983). Here, Mr. Perkins' affidavit is not specific to the state of Hoskins' cell, but rather provides general evidence about the limited availability of cleaning supplies due to budget cuts. The jury heard testimony from Hoskins and two other witnesses about the cleanliness of the cells and the availability of cleaning supplies. Thus, to the extent that Perkins' affidavit simply restates the testimony of the other witnesses that cleaning supplies were not regularly available, it is cumulative and therefore immaterial. *McKnight v. United States Steel Corp.,* 726 F.2d 333, 336–37 (7th Cir. 1984) (affidavit is not material where it is cumulative of other evidence).

Finally, the information contained in Perkins' affidavit is unlikely to have resulted in a different outcome if it had been introduced to the jury. Perkins states he was sometimes told not to clean blood found in a cell because the prison officials had to document its existence (Doc. 11, p. 4). Whether someone was instructed to clean the blood after that documentation was completed is not addressed. The fact that cleaning of blood was sometimes delayed for administrative purposes is not necessarily inconsistent with Defendants' testimony at trial and therefore unlikely to have resulted in a different outcome.[3]

---

[3] Hoskins also attempts to raise an additional argument related to evidence at trial. Immediately before trial began Hoskins addressed the Court directly regarding his concern that Defendants had failed to produce some documents during discovery. He now alleges the affidavit he produced provides new evidence regarding Defendants' failure to preserve those documents (Doc. 135, p. 1). However, the affidavit in question does not discuss missing documents. The most the affidavit alleges is that the records kept by the prison regarding cleaning supplies were not always accurate. Hoskins counsel had an opportunity to address the issue of missing or inaccurate documents through cross-examination at trial. Thus, the Court finds this argument unpersuasive.

Because the affidavit provides only cumulative, non-material evidence that would not clearly have resulted in a different outcome at trial, the motion for relief from judgment is **DENIED**.

## Conclusion

For the above stated reasons, both Plaintiff's Motion for Reconsideration (Doc. 128) and Motion for Relief from Judgment (Doc. 133) are **DENIED**.

**SO ORDERED.**

**DATED: December 13, 2018**

**DONALD G. WILKERSON**
**United States Magistrate Judge**